# Supreme Court of the Navajo Nation

---

### In re Certified Questions II
### No. WR-CV-99-89
### Decided July 18, 1989

---

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Carol K. Retasket, Esq., Pro-se Petitioner, Window Rock, Arizona; and Stanley Pollack, Esq., Navajo Nation Department of Justice, Window Rock, Arizona, for the Respondents.

Opinion delivered by Tso, Chief Justice.

Petitioner Carol Retasket filed a petition for reconsideration of this Court's April 13, 1989 decision on three certified questions. On March 29, 1989, Judge Robert Yazzie of the Window Rock District Court certified four questions to this Court for determinations of law. On March 30, 1989, this Court accepted the four certified questions as proper questions for decisions pursuant to *Navajo Housing Authority v. Betsoi*, 5 Nav. R. 5 (1984). On March 31, 1989, this Court decided one of the four certified questions. *In re: Certified Questions I*, 6 Nav. R. 97 (1989). On April 13, 1989, this Court entered its opinion on the remaining three questions. *In re: Certified Questions II*, 6 Nav. R. 105 (1989).

On April 13, 1989, the Supreme Court clerk personally served Retasket with a certified copy of the April 13, 1989 decision. On May 12, 1989, Retasket, representing herself, filed a petition for reconsideration of this Court's April 13, 1989 opinion. On May 12, 1989, she also filed a motion to suspend the rules for good cause because the petition for reconsideration was filed more than twenty (20) days after the Court's decision and her notification. During this twenty-day period, between April 13, 1989 and May 3, 1989, Retasket did not ask for an extension of time, pursuant to NRCAP 5(b), in order to submit a tardy petition for reconsideration. Retasket asks that this Court suspend NRCAP 19(a) so that we may consider her petition for reconsideration for one of the certified questions in our April 13, 1989 decision. The central issue addressed by this Court is whether suspension of the rules for good cause, pursuant to NRCAP 3, is an available remedy after the time expires for the proper filing of a petition for reconsideration.

Pursuant to NRCAP 19(a), "[a]ny party seeking reconsideration of a decision

of the Supreme Court *shall* file a petition for reconsideration with a supporting memorandum with the Clerk of the Supreme Court *within twenty (20) days* after the Clerk has notified the parties that a decision has been rendered by the Supreme Court." (emphasis added). "Notification" is service by the Supreme Court of papers on parties to an appeal. *In re Estate of Wauneka Sr.*, 6 Nav. R. 63, 64-65 (1988). On April 13, 1989, Retasket was personally served with a certified copy of this Court's decision by the Supreme Court clerk; therefore, April 13, 1989 is the date from which the twenty (20) days is calculated in determining the timely filing of a petition for reconsideration. In order to be timely, the petition for reconsideration must have been filed twenty (20) days after April 13, 1989, or no later than May 3, 1989. Retasket did not file her petition until May 12, 1989, which was 29 days after the decision was made.

On May 12, 1989, Retasket also filed a motion to suspend the rules for good cause because the petition for reconsideration was filed more than twenty (20) days after the Court's decision and her notification. NRCAP 3, Suspension of Rules, states the following:

> Except as otherwise provided in Rule 5(b), the Supreme Court may upon a motion for good cause shown suspend the requirements or provisions of any of these rules in a particular case, and may order proceedings in accordance within its discretion. These rules shall be liberally construed in the further- ance of justice.

This Court must review two elements in NRCAP 3 to determine whether the Rules should be suspended. One, petitioner must identify sufficient good cause. Two, the reason identified must not be "otherwise provided [for] in Rule 5(b)." Restated, the reason given to suspend the rules should not have the effect of a request for an extension of time. Both of the elements in NRCAP 3 must be sat- isfied before this Court can suspend the rules for good cause.

In an attempt to satisfy the first element of NRCAP 3, petitioner identified three reasons why she believes this Court should suspend the rules for good cause. First, Retasket served as her own counsel in related trial proceedings before the Window Rock District Court during most of the twenty-day period. Second, she was restricted by a temporary restraining order from entering her tribal office during the twenty-day period. This situation forced her to commute long distances to obtain research materials. Third, Retasket states good cause is based on the inherent significance of the certified questions to the future struc- ture of the Navajo Nation government. We will not decide whether Retasket's reasons satisfy the good cause requirement because this case can be decided on the second element of NRCAP 3.

In addition to the good cause requirement, this Court must also review NRCAP 5(b) when determining if the second element of NRCAP 3 is satisfied. The Court's review ensures that NRCAP 3 is not in effect being used to ask for an extension of time when that express remedy already exists in NRCAP 5(b).

Pursuant to NRCAP 5(b), "[t]he time for doing any of the acts provided for in these rules ... may be shortened or extended ... upon written motion for good cause shown." Previously, this Court determined that good cause supporting "[a] motion for extension of time *must* be filed *before* the time [expires] for filing" the petition. (emphasis added). *In re Estate of Wauneka Sr.*, 6 Nav. R. at 64. Retasket did not ask for an extension of time, pursuant to NRCAP 5(b), in order to submit a tardy petition for reconsideration.

The Navajo Rules of Civil Appellate Procedure "provide[s] for the rapid, equitable, and inexpensive disposition of advanced litigation before the Court, and unauthorized deviations may prejudice the adverse party and impede judicial efficiency." *Begay v. Begay*, 6 Nav. R. 120, 122 (1989). This Court will not indiscriminately suspend the rules to allow for an extension of time because this situation would merely encourage litigants to be inattentive to the twenty (20) days filing requirement explicitly provided for in NRCAP 19(a). "[A] filing deadline is not a target date, but an integral element of the adversarial process." *Begay v. Begay*, 6 Nav. R. at 121 (quoting *Riverview Service Station v. Eddie*, 5 Nav. R. 135, 136 (1986)). This Court strictly enforces the specified time requirements expressed in our appellate rules and "[f]ailure to follow simple appellate procedure ... will not be tolerated." *Id.* at 122 (quoting *Community Coalition for Media Change v. Federal Communications Comm'n.*, 646 F.2d 613, 616 (D.C. Cir. 1980)). Therefore, if an extension of time has not been requested and the time for filing a proper petition has expired, this Court will not grant an extension of time under either NRCAP 3 or NRCAP 5(b).

To grant Retasket's request to suspend the requirements of NRCAP 19(a) is the equivalent of granting her an extension of time to file her petition for reconsideration. Using NRCAP 3 in this fashion is inappropriate because Retasket "had a remedy if the deadline became unmanageable: [s]he could have filed for an extension of time, before expiration of the prescribed time, pursuant to NRCAP 5(b)." *Begay v. Begay*, 6 Nav. R. at 121 (quoting *In re Estate of Wauneka Sr.*, 6 Nav. R. 63 (1988). Retasket missed her twenty (20) days filing deadline for her petition for reconsideration; therefore, she was unable to request an extension of time pursuant to the express provisions in NRCAP 5(b). We find that Retasket is also precluded from using NRCAP 3 to suspend the rules when such a request would have the ultimate effect of granting her an extension of time.

Petitioner shall not disregard the plainly worded time requirement of NRCAP 19(a), or the remedy available in NRCAP 5(b), and avail herself to NRCAP 3. Suspending the rules pursuant to NRCAP 3 is not an available remedy after the time expires for the proper filing of a petition for reconsideration. Requesting an extension of time is expressly provided for in NRCAP 5(b). Petitioner's "Motion to Suspend the Rules for Good Cause" and "Petition for Reconsideration" are denied and dismissed.